UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALTER A. PAYNE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:08-CV-0792-G |
| THE COUNTY OF KERSHAW, SOUTH | ) | |
| CAROLINA, ET AL., | ) | **ECF** |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendants, the County of Kershaw, South Carolina ("Kershaw"), Joyce McDonald, Kershaw County Clerk of the Court ("McDonald"), and Iva M. Lyles, Kershaw County Clerk ("Lyles") (collectively, "the defendants"), to dismiss for lack of personal jurisdiction, lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim upon which relief can be granted. For the reasons set forth below, the defendants' motion to dismiss for lack of personal jurisdiction is granted.

I. BACKGROUND

In the instant case, filed May 9, 2008, the plaintiff William A. Payne ("Payne" or "the plaintiff") alleges numerous violations by the defendants of federal and state

law.[1] *See generally* Civil Complaint ("Complaint"). Payne alleges that employees of the Kershaw County Clerk's Office violated his rights when they sent to his employers a "Notice to Withhold Income for Child Support." *Id.* at 1. Payne claims that either Lyles or McDonald sent several "false documents" to the plaintiff's employers, Garland Ventures Ltd. and the City of Dallas, in an effort to illegally garnish his wages. See generally *id*.

The documents sent by the Kershaw County Clerk of Court relate to the plaintiff's divorce from Susan Payne, which was final on June 14, 2002. *See* Final Decree of Divorce, *attached to* Appendix to Defendants' Motion to Dismiss *as* Exhibit A. Originally, on February 25, 2002, the State of South Carolina Family Court for the Fifth Judicial Circuit ordered the plaintiff to pay $400.00 per month to Susan Payne. See *Pendente Lite* Order, *attached to* Appendix to Defendants' Motion to Dismiss *as* Exhibit A. The plaintiff became $7,200 in arrears to his ex-wife, and on February 6, 2006, the State of South Carolina Family Court for the Fifth Circuit ordered a new wage assignment to be paid to Susan Payne in the amount of $600 plus 5% interest for 36 months, to be reduced to $400.00 a month after the 36-

---

[1] Specifically, Payne alleges a violation of his Fourth Amendment rights, a violation of 42 U.S.C. § 1983, a violation of 18 U.S.C. § 242, forgery under V.T.C.A. Penal Code § 32.21, Securing Execution of Document by Deception under V.T.C.A. Penal Code § 32.46, a violation of S.C. Code § 16-13-10, and a violation of the Kershaw County Clerk of Court's internal regulations. *See generally* Complaint.

month period until the debt balance is $0.00.  *See* Wage Assignment Order, *attached to* Appendix to Defendants' Motion to Dismiss *as* Exhibit A.

On February 16, 2006, the Kershaw County Clerk sent a notice to the plaintiff's employer ordering a "Notice to Withhold Income for Child Support."  *See* Complaint at 1.  The Clerk of Court mistakenly indicated the order was for "child support," rather than for "spousal support."  *Id.*  Similarly, the same errors occurred on the "Notice to Withhold Income for Child Support" order sent to the plaintiff's other employer dated December 20, 2006.  *See* Order/Notice to Withhold Income for Child Support, *attached to* Plaintiff's Complaint *as* Document 2.

Recognizing the error of the Kershaw County Clerk Office, the plaintiff sent three different letters to the Kershaw County Clerk of Court requesting that any funds received through the mislabeled documents be returned, and also that the labeling errors to be fixed.  Complaint at 1.  Again, however, on January 4, 2007, the Kershaw County Clerk of Court sent an order mislabeled "Notice to Withhold Income for Child Support" to the plaintiff's employer.  *See* Order/Notice to Withhold Income for Child Support, *attached to* Plaintiff's Complaint *as* Document 3.  Although the form sent January 4, 2007 was mistitled, the amount owed ($600.00) was placed next to the correct heading, "spousal support."  *Id.*  After not receiving a reply to his previous letters, the plaintiff sent another letter dated November 4, 2007 requesting immediate return of all funds taken through these orders, plus 15% interest.  *Id.*

Finally, the plaintiff sent a letter dated December 3, 2007 outlining the alleged violations of the Kershaw County Clerk of Court. *Id.* The Kershaw County Clerk of Court responded to the plaintiff indicating that "no action shall be taken in response to your correspondence at this time." *See* Letter dated December 12, 2007, *attached to* Appendix to Defendants' Motion to Dismiss *as* Exhibit A.

The defendants have moved to dismiss due to lack of personal jurisdiction, lack of subject matter jurisdiction, and for failure to state claim upon which relief can be granted. *See* Motion to Dismiss at 1.

## II. ANALYSIS

### A. Motion to Dismiss for Lack of Personal Jurisdiction

#### 1. *The Factual Standard: A* Prima Facie *Case*

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), *cert. denied*, 513 U.S. 930 (1994); *Gardemal v. Westin Hotel Company*, 186 F.3d 588, 592 (5th Cir. 1999). If the district court chooses to decide the matter without an evidentiary hearing, the plaintiff may meet his burden by presenting a *prima facie* case for personal jurisdiction. *Wilson*, 20 F.3d at 648; *Gardemal*, 186 F.3d at 592. "In its response to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff cannot stand on [his] pleadings, but must, through affidavits or otherwise,

set forth specific facts demonstrating that the Court has jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 2004 WL 532714, *2 (N.D. Tex. 2004), *aff'd*, 415 F.3d 419 (5th Cir. 2005).

The court will take the allegations of the complaint as true, except where they are controverted by opposing affidavits, and all conflicts in the facts are resolved in favor of the plaintiff. *Wilson*, 20 F.3d at 648; *Gardemal*, 186 F.3d at 592. However, "[a]lthough jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a *prima facie* case for specific jurisdiction has been presented." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005) (quoting *Panda Brandywine Corporation v. Potomac Electric Power Company*, 253 F.3d 865, 868 (5th Cir. 2001)). In making its determination, the court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of recognized discovery methods. *Allred v. Moore & Peterson*, 117 F.3d 278, 281(5th Cir. 1997), *cert. denied*, 522 U.S. 1048 (1998); *Thompson v. Chrysler Motors Corporation*, 755 F.2d 1162, 1165 (5th Cir. 1985).

### 2. *The Legal Standard*

A federal district court may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant; and (2) the exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution.

*Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002).  A defendant is amenable to the personal jurisdiction of a federal court sitting in diversity to the same extent that he would be amenable to the jurisdiction of a state court in the same forum.[2]  *Pedelahore v. Astropark, Inc.*, 745 F.2d 346, 347 (5th Cir. 1984).  Applying state law, this court must first determine whether Texas, the forum state, could assert long-arm jurisdiction.  *Id.*  Because the Texas long-arm statute confers jurisdiction to the limits of the federal constitution, *Access Telecom, Inc. v. MCI Telecommunications Corporation*, 197 F.3d 694, 716 (5th Cir. 1999), *cert. denied*, 531 U.S. 917 (2000); *Hall v. Helicopteros Nacionales de Colombia, S.A.*, 638 S.W.2d 870, 872 (Tex. 1982), the court need only concern itself with the federal due process inquiry.  *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); *Wilson*, 20 F.3d at 647 n. 1; *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 17.041 *et seq.* (Vernon 1997) (Texas long-arm statute).

### 3. *Due Process Requirements*

Due process requires the satisfaction of two elements to exercise personal jurisdiction over a non-resident defendant:  (1) the nonresident must have some minimum contact with the forum that results from an affirmative act on its part such that the nonresident defendant could anticipate being haled into the courts of the

---

[2] This is the traditional analysis in diversity of citizenship cases, where state law supplies the rule of decision.  In this case, the plaintiff sues under federal law, *viz.*, 42 U.S.C. § 1983.  Because 42 U.S.C. § 1983 lacks a provision for service of process, however, federal courts adopt state jurisdictional statutes to reach out-of-state defendants.  *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 482 (5th Cir. 2008), *pet. for cert. filed*, 76 USLW 3611 (May 5, 2008)).

forum state; and (2) it must be fair or reasonable to require the nonresident to defend the suit in the forum state. *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 474-78 (1985); *Gulf Consolidated Services, Inc. v. Corinth Pipeworks, S.A.*, 898 F.2d 1071, 1073 (5th Cir.), *cert. denied*, 498 U.S. 900 (1990). The Due Process Clause ensures that persons have a "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger King*, 471 U.S. at 472 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring)).

To establish minimum contacts with the forum, a nonresident defendant must do some act by which it "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 474-75 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). However, the unilateral activity of one asserting a relationship with the nonresident defendant does not satisfy this requirement. *Burger King*, 471 U.S. at 474 (quoting *Hanson*, 357 U.S. at 253); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) (citing *Kulko v. California Superior Court*, 436 U.S. 84, (1978); *Hanson*, 357 U.S. at 253). In determining whether the exercise of jurisdiction is appropriate, the Supreme Court has focused less on presence in the forum state as a means to establish jurisdiction and looked increasingly to whether a defendant's contacts with the forum state make it reasonable to require the defendant

to defend the particular suit in that forum.  *Quill Corporation v. North Dakota*, 504 U.S. 298, 307 (1992).

Two types of *in personam* jurisdiction may be exercised over a nonresident defendant: specific jurisdiction and general jurisdiction.  Specific jurisdiction exists if the cause of action is related to, or arises out of, the defendant's contacts with the forum state and those contacts meet the due process standard. *J.R. Stripling v. Jordan Production Company, LLC*, 234 F.3d 863, 871 (5th Cir. 2000) (quotations and citations omitted).  "When a court exercises personal jurisdiction over a defendant based on contacts with the forum related to the particular controversy, the court is exercising 'specific jurisdiction.'" *Holt Oil & Gas Corporation v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986) (citations omitted), *cert. denied*, 481 U.S. 1015 (1987).  General jurisdiction, on the other hand, may be found when the nonresident's contacts with the forum are "continuous and systematic," even though the claim is unrelated to those contacts.  *Helicopteros Nacionales*, 466 U.S. at 415-16.

Under either a specific or general jurisdiction analysis, however, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum [s]tate." *Burger King*, 471 U.S. at 474 (quoting *International Shoe Company v. Washington*, 326 U.S. 310, 316 (1945)).  The "purposeful availment" requirement of the minimum contacts inquiry "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,'

'fortuitous,' or 'attenuated' contacts . . . or of the 'unilateral activity of another party or a third person.' " *Id.* at 475 (citations omitted). A plaintiff must establish a substantial connection between the nonresident defendant and the forum state. *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1068 n. 9 (5th Cir. 1992), *cert. denied*, 506 U.S. 867 (1992); *Bearry v. Beech Aircraft Corporation*, 818 F.2d 370, 374 (5th Cir. 1987) (citing *Burger King*, 471 U.S. at 475 n. 18; *McGee v. International Life Insurance Company*, 355 U.S. 220, 223 (1957)).

A court must consider all factors when making the purposeful availment inquiry; "no single factor, particularly the number of contacts, is determinative." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir.1985). "[W]hether the minimum contacts are sufficient to justify subjection of the non-resident to suit in the forum is determined not on a mechanical and quantitative test, but rather under the particular facts upon the quality and nature of the activity with relation to the forum state." *Mississippi Interstate Express, Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1006 (5th Cir. 1982); see also *Coats v. Penrod Drilling Corporation*, 5 F.3d 877, 884 (5th Cir. 1993), *cert. denied*, 510 U.S. 1195 (1994).

B. <u>Discussion of Lack of Personal Jurisdiction</u>

Despite the fact that the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident defendant, *Wilson*, 20 F.3d at 648, the plaintiff has not responded to the defendants' motion to dismiss for lack of personal

jurisdiction,. Nevertheless, the plaintiff is *pro se*, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Briggs v. DART Regional Right of Way Company*, No. 3:05-CV-1358-G, 2005 WL 3133505, *2 (N.D. Tex. Nov. 23, 2005) (internal citations omitted); *Jackson v. Procunier*, 789 F.2d. 307, 311 (5th Cir. 1986). As a result, the court will consider whether, on the present record, the plaintiff has established personal jurisdiction over the defendants.

1. *Minimum Contacts*

According to the uncontested affidavits of the defendants, neither Joyce McDonald nor Iva M. Lyles are residents of Texas. *See* Affidavit of Defendant Joyce McDonald ¶ 2, *attached to* Appendix to Defendants' Motion to Dismiss *as* Exhibit A ("McDonald Aff."); Affidavit of Defendant Iva M. Lyles ¶ 2, *attached to* Appendix to Defendants' Motion to Dismiss *as* Exhibit B ("Lyles Aff."). Additionally, they own no property in the State of Texas. *Id.* The County of Kershaw is located entirely within the State of South Carolina and does not conduct any business in Texas. *See* Affidavit of Robert T. Boland, *attached to* Appendix to Defendants' Motion to Dismiss *as* Exhibit C. Therefore, in order to exercise personal jurisdiction over the defendants, it must be established that (1) the nonresident must have some minimum contact with the forum that results from an affirmative act on its part such that the nonresident defendant could anticipate being haled into the courts of the forum state;

and (2) it must be fair or reasonable to require the nonresident to defend the suit in the forum state. *Burger King*, 471 U.S. at 474-78; *Gulf Consolidated*, 898 F.2d at 1073.

To establish personal jurisdiction over the defendants, the plaintiff must show that they acted in such a way that "purposefully avail[ed] [themselves] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 474-75 (quoting *Hanson*, 357 U.S. at 253). The only contacts the defendants have with the State of Texas are three mislabeled orders of "Notice to Withhold Income for Child Support." *See* Complaint at 1. The court must examine whether these contacts justify the exercise of personal jurisdiction over the defendants.

This case is similar to *Stroman Realty, Inc. v. Wercinski*, 513 F.3d. 476 (5th Cir. 2008), *pet. for cert. filed*, 76 USLW 3611 (May 5, 2008), where a plaintiff attempted to establish personal jurisdiction in Texas over the Commissioner of the Department of Real Estate for the State of Arizona. Elaine Richardson, the former Commissioner of Real Estate in Arizona, sent a cease and desist order to the plaintiff (a citizen of Texas) to stop activities in Arizona. *Id.* at 480. The cease and desist order was the only contact the Commissioner had with the State of Texas. *Id.* at 484. Even though the Commissioner had "reached out" to assert her authority over Stroman's Arizona-

related business activities, the court ruled she had not "purposefully availed" herself of the benefits of Texas law like someone actually "doing business" in Texas. *Id.*

The actions of the defendants in the instant case are analogous to those of the defendant in *Wercinski*. Acting in a governmental capacity, the defendants sent notices to the plaintiff's employers seeking compliance with a South Carolina court order.[3] However, the defendants did not "purposefully avail" themselves of the benefit of Texas law. "Courts generally exercise specific jurisdiction over nonresident defendants that are engaged in commercial, profit-oriented enterprise." *Wercinski*, 513 F.3d at 485. The notices sent by the defendants, while seeking to collect money, were not of a "commercial, profit-oriented" nature -- they sought compliance with a South Carolina court order. *Id.* The money collected was intended to benefit Susan Payne, the plaintiff's ex-wife. The defendants' actions were essentially ministerial. Therefore, the minimal contacts of the defendants with the State of Texas did not result in any commercial nor economic benefit for the defendants.

Kershaw County Clerks fulfilling a court-ordered duty by sending notices to an employer does not equate to "reaching out," in a manner sufficient to establish personal jurisdiction. *Wercinski*, 513 F.3d at 486. Three notices seeking enforcement

---

[3] The plaintiff here assumes incorrectly that by making clerical errors and confusing an order for "spousal support" with an order for "child support," that Kershaw County and its employees have somehow subjected themselves to jurisdiction in Texas. The errors themselves do not change the nature of the contacts the defendants had with the State of Texas.

of a South Carolina court order, sent by South Carolina government employees to Texas employers of a Texas resident, are too attenuated to warrant assertion of personal jurisdiction. Furthermore, allowing jurisdiction based on these types of contacts would submit Kershaw County and its employees to jurisdiction throughout the country any time notice is sent to an employer in another state seeking compliance with a court order. See *Wercinski*, 513 F.3d at 487.

The plaintiff has failed to established even a *prima facie* case of personal jurisdiction over the defendants. Consequently, the court's inquiry ceases and it is unnecessary to examine whether the assertion of jurisdiction will offend traditional notions of fair play and substantial justice.

      2. *Personal Jurisdiction over Government Employees in Individual Capacities*

Although on its face, the plaintiff's complaint appears to sue the defendants in their official capacities, *see* Complaint, it is possible that the plaintiff seeks relief against Joyce McDonald and Iva M. Lyles in their individual capacities. However:

> Because Plaintiff sues these Defendants in their individual capacities, he must show how each Defendant purposefully availed himself of the privilege of conducting activities in Texas such that he "should reasonably anticipate being haled into court there." To meet this burden, Plaintiff must show how each Governmental Defendant had contacts with Texas -- beyond those contacts established through the performance of his official duties -- to warrant this Court's exercise of personal jurisdiction over him."[4]

---

    [4]    The defendants in *Whitehurst* were federal government employees. Joyce
(continued...)

*Ryan v. Whitehurst*, No. SA-07-CA-723-XR, 2008 WL 1967507, *3 (W.D. Tex. May 1, 2008) (internal citations omitted). The defendants have no contacts with the State of Texas outside of the notices sent to the plaintiff's employers -- actions performed as part of their "official duties" as government employees. Because the individual defendant government employees have had no contacts with the State of Texas beyond those performed in their official capacities, the court finds that the plaintiff has not established personal jurisdiction over the defendants in their individual capacities. *See* Lyles Aff. ¶ 2; McDonald Aff. ¶ 2.

### III. CONCLUSION

For the reasons stated above, the defendants' motion to dismiss for lack of personal jurisdiction is **GRANTED**.

**SO ORDERED**.

July 25, 2008.

*[signature: A. Joe Fish]*
**A. JOE FISH**
**Senior United States District Judge**

---

[4](...continued)
McDonald and Iva M. Lyles are employees of Kershaw County. This distinction, however, should not alter the personal jurisdiction analysis, assuming the defendants were acting in the scope of their governmental duties.